Clifford Smith appeals the maximum, consecutive sentences imposed upon him by the Meigs County Court of Common Pleas for his conviction for one count of an attempt to obstruct justice and one count of receiving stolen property. Smith contends that the trial court erred by finding that he committed the worst forms of the offenses because substantial grounds mitigated his conduct. We disagree, because the trial court's findings were supported by substantial evidence. Therefore, we cannot clearly and convincingly find that the trial court imposed a sentence that was unsupported by the record or contrary to law. Smith also argues that the trial court's sentence is contrary to law because the trial court failed to make the statutory findings necessary to impose consecutive sentences. We agree, because the trial court failed to make the findings required by R.C.2929.14(E)(4).
Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
 I.
In July 1997, Smith, his wife Cynthia Smith, Jason Hysell, Willie Kauff, Jr., Melinda Stanley, and Todd Johnson went swimming at a local swimming hole. All of them had been drinking, and Smith also smoked marijuana. Upon arriving at the swimming hole, Hysell and Johnson argued. Hysell and Kauff beat Johnson, robbed him of his wallet and credit cards, and gave them to Smith. Kauff then kicked Johnson, who fell head first into the water. Johnson died later that evening. Kauff and Smith later destroyed the credit cards. The coroner reported that Johnson died of probable drowning and a blunt trauma to his head. Johnson's blood contained a .33 alcohol level.
When questioned at the scene, Smith told investigators that Johnson accidentally fell into the water, but later told investigators that Hysell and Kauff beat and robbed Johnson. Pursuant to a plea agreement, Smith pled guilty to one count of an attempt to obstruct justice, in violation of R.C.2923.02(A), a fourth degree felony, and one count of receiving stolen property, in violation of R.C. 2913.51(A), a fifth degree felony, with a specification that the property received was a credit card, pursuant to R.C. 2913.71. The trial court ordered a presentence investigation report and held a hearing, which revealed Smith's prior convictions for receiving stolen property, theft, underage consumption of alcohol, and operating a motor vehicle without a license; his probation violations that led to prison sentences; his refusal to attend treatment for his chemical dependency; and his marijuana use on the day of the offense. At the time of his arrest, Smith was on probation. In a victim witness statement, Johnson's family testified that they could not come to terms with the loss of their son.
The state requested the court to sentence Smith to the maximum periods of incarceration for each charge on the bill. In response, Smith contended, and the state agreed, that he provided information that implicated Kauff and Hysell and led to Kauff's conviction.
The court found that Smith committed the worst forms of the offenses and posed the greatest likelihood of committing future crimes. The court found, pursuant to R.C. 2929.12(B), that Smith's conduct was more serious than conduct normally constituting the offense because of Johnson's intoxicated state and the serious harm inflicted upon him. The court noted that Smith presented no substantial grounds to mitigate his offense.
Pursuant to R.C. 2929.12(D), the court found that Smith was likely to commit future crimes based upon his prior convictions, his unfavorable response to supervision and community controls, a pattern of drug and alcohol abuse, and his refusal to obtain chemical dependency treatment. The trial court also found that the shortest sentence would demean the seriousness of Smith's offenses and not adequately protect the public and that consecutive sentences were not disproportionate to the seriousness of Smith's offenses.
In accordance with these findings, the trial court sentenced Smith to the maximum terms of imprisonment for each charge, eighteen months for the attempt to obstruct justice, and twelve months for receiving stolen property. The trial court ordered Smith to serve the sentences consecutively, for an aggregate sentence of thirty months.
Smith appeals his sentence, asserting the following assignments of error for our review:
 I. THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT.
 II. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES FOR THESE MULTIPLE OFFENSES.
 II.
Smith argues in his first assignment of error that his sentence is contrary to law and that the record does not support his sentence. Smith claims that the trial court erred by failing to find substantial grounds mitigated his conduct, specifically, that he implicated Kauff in the offenses against Johnson. Smith contends that his mitigating conduct required the trial court to find that he committed lesser forms of the offenses pursuant to R.C. 2929.12. As he committed lesser forms of the offenses, Smith asserts that the trial court erred, as a matter of law, in finding that he committed the worst forms of the offenses pursuant to R.C. 2929.14, and in sentencing him to the maximum terms of imprisonment.
R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The record on appeal must include any presentence or psychiatric reports, the trial record, and all oral or written statements made at the sentencing hearing. R.C. 2953.08(F). The appellate court may modify the sentence upon clearly and convincingly finding that: (1) the record does not support the sentence; (2) the trial court imposed a prison term contrary to the procedures of R.C. 2929.13(B) because either the court failed to make the preliminary findings before imposing a prison sentence, or, there was an insufficient basis for imposing a prison term; or (3) the sentence imposed was contrary to law. See R.C. 2953.08(G)(1)(a)-(d); State v.Dunwoody (Aug. 8, 1998), Meigs App. No. 97CA11, unreported.
In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion to the extent we did in the past. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record supporting those findings, and (4) properly applied the statutory guidelines. Dunwoody, supra, citing Griffen Katz at Section 9.16.
When sentencing a defendant for a fourth or fifth degree felony, the trial court must start with the statutory presumptions in favor of community control sanctions. R.C.2929.13. If the court finds that incarceration is the most appropriate way to effectuate the overriding purposes set forth in R.C. 2919.11, and if the offender previously served a prison sentence, the court may sentence the offender to a prison term. R.C. 2929.13. R.C. 2929.14(D) provides a minimum prison term of six months and a maximum of eighteen months for offenders who committed a fourth degree felony. R.C. 2929.14(A)(4). An offender convicted of a fifth degree felony may receive a prison sentence of six months to twelve months. R.C.2929.14(A)(5). The trial court may not impose the maximum sentence unless it finds that the offender committed the worst form of the offense or poses the greatest likelihood of committing future crimes. R.C. 2929.14(C).
Felony sentencing must comply with the overriding purposes of sentences as outlined in R.C. 2929.11. State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13, unreported; State v. McConnaughey
(Mar. 4, 1998), Athens App. No. 97CA39, unreported. R.C.2929.11(A) states that a court sentencing an offender for a felony shall be guided by the purposes of protecting the public from future crime by the offender and punishing the offender. I order to achieve these two purposes, the sentencing court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense. R.C. 2929.11(A). Additionally, the sentence must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on his victims. R.C.2929.11(B).
In determining the most effective way to accomplish the purposes set forth in R.C. 2929.11, the trial court must consider the factors listed in R.C. 2929.12(B) and (C) regarding the seriousness of the offender's conduct, and those in R.C. 2929.12(D) and (E) regarding the offender's propensity for recidivism. When the victim suffers harm, whether physical, psychological or economic, the seriousness of the offense increases. R.C. 2929.12(B). An offense is also more serious if the injury to the victim was exacerbated because of the victim's mental or physical condition. R.C. 2929.12(B). If substantial grounds for mitigation exist, but not substantial enough to constitute a defense, the offender's conduct is considered less serious. R.C. 2929.12(C). The court determines the offender's likelihood of recidivism based upon the offender's criminal history, responsiveness to previous criminal sanctions, and history of drug or alcohol abuse. R.C.2929.12(D) and (E).
After examining the entire record, we believe that the trial court considered the statutory factors and relied upon substantial evidence in the record to support its finding that Smith committed the worst forms of the offenses. While the state conceded that Smith eventually provided police with information leading to Kauff's conviction, Smith's initial withholding of that information formed the basis of his conviction for attempting to obstruct justice. Furthermore, Smith concealed his own role in receiving credits cards taken during a robbery that resulted in the death of an intoxicated man. Therefore, we find substantial evidence to support the trial court's finding that Smith committed the worst forms of the offenses.
Smith argues, however, that his implicating Kauff substantially mitigated his conduct, lessening the seriousness of his offenses. As stated, supra, Smith's offenses were predicated on concealing his and other's involvement in the robbery and death of an intoxicated man. The record supports the trial court's finding that his later confession did not substantially mitigate his conduct. Furthermore, the trial court relied upon substantial evidence to show that Smith's conduct was more serious than the conduct normally constituting his offenses.
At the sentencing hearing, the trial court found that Smith committed serious offenses because: (1) Johnson's impaired physical and mental condition exacerbated his injury, and (2) Johnson's death constitutes serious physical harm resulting from the offense. Based upon this information, we find that Smith's convictions for attempting to obstruct justice and receiving stolen property were more serious offenses under R.C.2929.12.
Smith also challenges the trial court's factual findings indicating that: (1) he is prone to recidivism pursuant to the factors in R.C. 2929.12(D) and (E); and (2) he poses the greatest likelihood of committing future crimes. The record shows that Smith has criminal convictions, did not respond well to sanctions imposed upon him in the past, used marijuana on the day of the offense, and refused to attend treatment. Each of these factors indicates that Smith is prone to recidivism. Smith points out that he mitigated his conduct. However, while this factor is relevant to determine the seriousness of the offender's conduct, it is not a factor for the court to consider in determining the offender's propensity for recidivism.
Pursuant to 2929.12(E)(1), the trial court found that Smith was not adjudicated delinquent, a finding that his recidivism is unlikely. However, this factor does not outweigh the factors listed by the court which indicate that Smith is prone to recidivism: his prior convictions, his unfavorable response to supervision and community controls, his pattern of drug and alcohol abuse, and his refusal to obtain chemical dependancy treatment. Therefore, we find that the trial court articulated a sufficient basis for its conclusion that Smith is prone to recidivism, and most likely to commit future crimes. Even if the trial court erred in finding that Smith committed the worst forms of the offenses, the trial court's finding that Smith poses the greatest likelihood of committing future crimes would support the trial court's decision to impose the maximum prison sentences. R.C. 2929.14(C); State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13, unreported.
These factual findings, supported by substantial evidence in the record, demonstrate that the trial court properly considered the overriding purposes of felony sentencing: protecting the public from future crime by Smith and punishing Smith. The trial court followed the statutory guidelines and considered the factors outlined in R.C. 2929.11, 2929.12, 2929.13, and 2929.14. Therefore, we cannot clearly and convincingly find that the trial court imposed a sentence which was unsupported by the record or contrary to law. Accordingly, we overrule Smith's first assignment of error.
 III.
In his second assignment of error, Smith contends that the trial court erred in imposing consecutive sentences upon him. Smith contends that the trial court failed to make the required findings to impose consecutive sentences pursuant to R.C.2929.14. The state argues that the record contains evidence that shows that Smith was on probation at the time of the offense and committed the worst forms of the offenses.
In order to impose consecutive sentences, a trial court must make certain findings and give its reasons for selecting consecutive sentences. R.C. 2929.19(B)(2)(c); State v.Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported, citing State v. Albert (Nov. 13, 1997), Cuyahoga App. No. 72677, unreported; State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21, unreported. R.C. 2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under a [residential or nonresidential sanction].
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
(Emphasis added.) Holsinger, supra; Stanley, supra.
At the sentencing hearing, the trial court found that consecutive sentences are: (1) necessary to protect the public and (2) not disproportionate to the seriousness of Smith's conduct and to the danger he poses to the public. The trial court failed to state on the record any one of other necessary findings listed in R.C. 2929.14(E)(4)(a)-(c). R.C.2929.14(E)(4) provides that the court may impose consecutive sentences "if the court finds" certain circumstances to exist.State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported. The trial court's findings fail to satisfy the requirements set forth in R.C. 2929.14(E)(4) and (C) and R.C.2929.19.
Accordingly, we sustain Smith's second assignment of error. On remand, the trial court must make specific factual findings on the record with respect to R.C. 2929.14(E)(4) factors if it seeks to impose consecutive prison terms.
 IV.
In conclusion, we find that the trial court's finding that Smith did not substantially mitigate his conduct was supported by substantial evidence. We also find that the trial court failed to make the necessary factual and statutory findings to impose consecutive sentences.
Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSEREMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED IN PART, AFFIRMED IN PART, and the cause remanded to the trial court for the trial court to enter a new sentence consistent with this opinion, and Appellant and Appellee to split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ___________________ Roger L. Kline Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the tin period for further appealcommences from the date of filing with the clerk.